IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

ANGELA HALL and
ERIK HALL,

      Plaintiffs,

v.    Case No.: 3:22-cv-00277

PUTNAM COUNTY COMMISSION,
et al.,

      Defendants.

## MEMORANDUM OPINION AND ORDER

Pending are the Motion to Quash Subpoenas, (ECF No. 109), of non-party witnesses, Assistant Prosecuting Attorney Paige W. Hoffman and Legal Assistant Jill Lowe, both of who are employed by the Putnam County Prosecutor's Office ("PCPO"), and the Motion Seeking Clarification. (ECF No. 121). On the 17th day of November, 2023, the non-party witnesses appeared, by counsel, Kristina D. Raynes, Putnam County Prosecuting Attorney; Plaintiffs appeared, by counsel, Travis A. Griffith, Esq.; and Defendants appeared, by counsel, Benjamin B. Vanston, Esq. for a hearing on the Motions. After considering the arguments of counsel, the Court **GRANTS** the Motion Seeking Clarification and **GRANTS,** in part, and **DENIES**, in part, the Motion to Quash as explained below.

In this civil rights action filed pursuant to 42 U.S.C. § 1983, Plaintiffs claim, in relevant part, that Defendants caused a frivolous abuse and neglect proceeding to be

1

instituted against Plaintiffs maliciously and for the purposes of retaliation, intimidation, and harassment. Ms. Hoffman filed the abuse and neglect petition and Ms. Lowe assisted in preparing the petition. According to Plaintiffs, they wish to depose Ms. Hoffman and Ms. Lowe for several reasons. First, they would like to fill in the timeline between the domestic abuse call made on November 9, 2021 and the filing of the abuse and neglect petition in early June 2022. (ECF No. 111 at 2). The timing of certain events is key to proving some of Plaintiffs' claims against the defendants. Second, they want to know why the PCPO delayed filing the petition—if indeed the filing was delayed. (*Id.*). Third, they seek explanations for discrepancies they have found in the testimony of one of the defendants. (*Id.* at 2-3). Fourth, Plaintiffs have questions about whether Ms. Lowe made a second referral to Child Protective Services—as a witness has claimed—and when she obtained a copy of a 911 call. (*Id.* at 3). Finally, Plaintiffs recently learned that another Putnam County Deputy played some role in the underlying events, and Plaintiffs would like to inquire about the Deputy. (*Id.* at 4).

It is important to note that Ms. Hoffman and Ms. Lowe are not parties to the instant action, nor is the PCPO. Likewise, the PCPO is not representing a party in this action. Nonetheless, as the underlying abuse and neglect proceeding is still ongoing, Ms. Hoffman and, by extension, Ms. Lowe, are adverse counsel to Plaintiffs in a related action.

There is no law or rule that entirely prohibits the deposition of a prosecutor or legal assistant in a related, but distinct, § 1983 case; however, "it is appropriate to require the party seeking to depose an attorney to establish a legitimate basis for requesting the deposition and demonstrate that the deposition will not otherwise prove

2

overly disruptive or burdensome." *N.F.A. Corp. v. Riverview Narrow Fabrics, Inc.,* 117 F.R.D. 83, 85 (M.D.N.C. 1987). Because of the overlap of this case and the abuse and neglect proceeding, it is also extremely important that attorney work product be protected and that the need for the deposition outweigh the disadvantages inherent in deposing the adverse party's attorney. *Id.* at 86 (citations omitted).

The PCPO argues, in part, that the subpoenas should be quashed because the information known to Ms. Hoffman and Ms. Lowe is protected by attorney work product. Fed. R. Civ. P. 45 provides that the Court must quash or modify a subpoena that requires the disclosure of privileged information. Clearly, the legal services performed by the Prosecutor's Office in preparing and pursuing the abuse and neglect petition constitute work product. *United States v. Nobles*, 422 U.S. 225, 238 (1975). Work product plays a critical role in "the proper functioning of the criminal justice system" as "[t]he interests of society and the accused in obtaining a fair and accurate resolution of the question of guilt or innocence demand that adequate safeguards assure the thorough preparation and presentation of each side of the case." *Id.* Consequently, the court must protect the prosecutor's ability to formulate legal theories and prepare cases without fear that his or her work and strategies will be disclosed in other proceedings. *See Washington v. Follin,* No. 4:14-cv-00416-RBH-KDW, 2016 WL 1614166 (D.S.C. Apr. 22, 2016) ("Prosecutors have a legitimate expectation that they can develop legal theories and strategies, as well as communicate with law enforcement about pending criminal investigations. Subjecting a prosecutor's work product to unbridled discovery in a civil action would inevitably curtail the prosecutor's willingness to memorialize her thoughts and opinions on paper.").

3

As discussed at the hearing, the undersigned finds no legitimate reason for Plaintiffs to discover the opinion work product of the PCPO. Questions regarding why and if Ms. Hoffman delayed filing the petition and other such strategic decisions are neither relevant nor appropriate. Moreover, Plaintiffs have not shown a substantial need for the fact work product of the Prosecutor's Office, except to the extent necessary to fill in their timeline.[1] Given that this type of testimony will consist largely of providing dates regarding when events occurred (for example, when Deputy Grimmitt prepared her statement), the testimony of Ms. Hoffman and Ms. Lowe will be cumulative of each other. As Ms. Lowe is responsible for many of the administrative tasks in the office, and probably better acquainted with the relevant dates, it is hereby **ORDERED** that the Motion for Clarification is **GRANTED**, the Motion to Quash the deposition of Ms. Hoffman is **GRANTED**, and the Motion to Quash the deposition of Ms. Lowe is **DENIED**. However, the subpoena shall be **MODIFIED** as follows: Ms. Lowe's deposition shall be limited to facts, not work product or opinion testimony. She is not to be questioned about the substance of the abuse and neglect proceedings, which are still ongoing. Her deposition shall be tailored to filling in the timeline, as indicated above, and to identifying what role Deputy Neff played in the cases against Plaintiffs. Plaintiffs agreed to set aside the subpoena setting the deposition of Ms. Lowe for today, and the parties' counsel and Ms. Raynes agreed to meet and confer to schedule a new date for the limited deposition of Ms. Lowe.

---

[1] In determining whether a substantial need for fact work product was shown, the Court considered (1) the importance of the information to Plaintiffs' case preparation; (2) the difficulty Plaintiffs would have obtaining the information by other means; and (3) the likelihood that Plaintiffs, even if they obtain the information by other means, will not have the substantial equivalent of what they seek here. *E.I. Dupont de Nemours & Co. v. Kolon Indus., Inc.*, 269 F.R.D. 600, 608–09 (E.D. Va. 2010) (citation omitted).

The Clerk is directed to provide a copy of this Order to counsel of record and Ms. Raynes, Putnam County Prosecutor.

**ENTERED:** November 17, 2023

_____
Cheryl A. Eifert
United States Magistrate Judge