IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**ANGELA HALL and
ERIC HALL,**

      **Plaintiffs,**

v.                                          Case No.: 3:22-cv-00277

**PUTNAM COUNTY COMMISSION,**
**et al.,**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER SEALING EXHIBITS TO PLAINTIFFS' MOTION TO COMPEL TESTIMONY OF JILL LOWE

Pending before the Court is Plaintiffs' Motion to Seal, (ECF No. 144), requesting the Exhibits to their Motion to Compel Testimony of Jill Lowe be filed as sealed. The Court notes that the attached exhibits contain confidential information. Due to the confidential nature of this information, the Court **GRANTS** Plaintiffs' motion to seal and **ORDERS** the Clerk to seal the exhibits to Plaintiffs' Motion to Compel Testimony of Jill Lowe. (ECF No. 144-1-2). The Motion to File under Seal, (ECF No. 144), should not be sealed.

The undersigned is cognizant of the well-established Fourth Circuit precedent recognizing a presumption in favor of public access to judicial records. *Ashcraft v. Conoco, Inc.,* 218 F.3d 288 (4th Cir. 2000). As stated in *Ashcraft,* before sealing a document, the Court must follow a three-step process: (1) provide public notice of the request to seal; (2) consider less drastic alternatives to sealing the document; and (3) provide specific reasons and factual findings supporting its decision to seal the documents

and for rejecting alternatives. *Id*. at 302. In this case, the exhibits to the Motion to Compel Testimony of Jill Lowe shall be sealed and will be designated as sealed on the Court's docket. The Court deems this sufficient notice to interested members of the public. The Court has considered less drastic alternatives to sealing the documents, but in view of the nature of the information set forth in the documents—which is information generally protected from public release—alternatives to wholesale sealing are not feasible at this time. Lastly, the documents have been submitted for purposes of resolving a discovery dispute and not to resolve a dispositive issue in the case. Accordingly, the Court finds that sealing the exhibits to Plaintiffs' Motion to Compel Testimony of Jill Lowe does not unduly prejudice the public's right to access court documents. The Clerk is **DIRECTED** to file the exhibits to Plaintiffs' Motion to Compel Testimony of Jill Lowe, (ECF No.144-1-2), under seal.

The Clerk is further directed to provide a copy of this Order to counsel of record and any unrepresented parties.

**ENTERED**:  December 21, 2023

Cheryl A. Eifert
United States Magistrate Judge