IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

ANGELA HALL and
ERIK HALL,

      Plaintiffs,

v.                                                             Case No.: 3:22-cv-00277

PUTNAM COUNTY COMMISSION,
et al.,

      Defendants.

## MEMORANDUM OPINION AND ORDER

Pending is Plaintiffs' Motion to Compel Testimony of Jill Lowe. (ECF No. 143). Plaintiffs seek an Order compelling Ms. Lowe to answer a question asked during her deposition regarding why she made a particular referral to Child Protective Services. (*Id.* at 3-5). At the time of the deposition, Ms. Lowe's attorney objected to the question on the ground of attorney opinion work product. Accordingly, Ms. Lowe did not respond to the question.

In addition, Plaintiffs indicate that they recently obtained an assessment form that reflects additional involvement by Ms. Lowe in the DHHR matter that underlies this civil action. They ask for an Order compelling Ms. Lowe to sit for a supplemental deposition to answer questions regarding her further contacts with DHHR staff. For the reasons that follow, the Motion is **DENIED**.

A.   **Question Regarding CPS Referral**

Ms. Lowe is a legal assistant employed by the Office of the Putnam County Prosecuting Attorney. She made the referral to CPS in the scope of her employment with the Prosecuting Attorney's Office. According to Plaintiffs, the referral was likely made upon the instructions of Ms. Lowe's employer. (ECF No. 143 at 4-5).

As the undersigned stated in the Order permitting Ms. Lowe's deposition, work product plays a critical role in "the proper functioning of the criminal justice system" as "[t]he interests of society and the accused in obtaining a fair and accurate resolution of the question of guilt or innocence demand that adequate safeguards assure the thorough preparation and presentation of each side of the case." (ECF 128 at 3) (citation omitted). Consequently, the court must protect the prosecutor's ability to formulate legal theories and prepare cases without fear that his or her work and strategies will be disclosed in other proceedings. *See Washington v. Follin*, No. 4:14-cv-00416-RBH-KDW, 2016 WL 1614166, at *15 (D.S.C. Apr. 22, 2016) ("Prosecutors have a legitimate expectation that they can develop legal theories and strategies, as well as communicate with law enforcement about pending criminal investigations. Subjecting a prosecutor's work product to unbridled discovery in a civil action would inevitably curtail the prosecutor's willingness to memorialize her thoughts and opinions on paper.").

As Plaintiffs' motion suggests, the Prosecuting Attorney's Office was preparing a case against Plaintiff Erik Hall and, at some point, made the determination that CPS should be notified of the matter. The thought process behind that determination is attorney opinion work product because it constitutes the "mental impressions, conclusions, opinions, or legal theories" of the Prosecuting Attorney's Office and, thus, is immune from discovery. *Duplan Corp. v. Moulinage et Retorderie de Chavanoz*, 509

F.2d 730, 732 (4th Cir. 1974). The fact that Ms. Lowe, a legal assistant, made the telephone call to CPS does not alter the analysis as the conclusion that such a call was necessary and should be made was that of the Prosecuting Attorney's Office. Consequently, the objection was valid, and Ms. Lowe should not be compelled to answer the question.

**B. Supplemental Deposition**

The discovery deadline in this case has long since passed, and the parties have already filed dispositive motions. Therefore, it is simply too late to reopen Ms. Lowe's deposition for the purpose of questioning her about a recently requested form. Accordingly, the motion for a supplemental deposition is denied.

It is so **ORDERED**.

The Clerk is directed to provide a copy of this Order to counsel of record and to Kristina Raynes, Esq., Putnam County Prosecuting Attorney.

ENTERED: January 23, 2024

_____
Cheryl A. Eifert
United States Magistrate Judge